IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TERRY C. ZIMMERMAN, #2-P10091, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 12-cv-1058-GPM |
| | ) | |
| ROGER MULCH, | ) | |
| RANDY POLLARD, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff Terry Zimmerman brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Mulch, Sheriff of Jefferson County Correctional Facility (Jefferson), and Defendant Pollard, Jail Administrator, for alleged Eighth Amendment violations occurring at that facility. Jefferson is located in the Southern District of Illinois. Specifically, Plaintiff, states that Defendants failed to protect him from injury by placing him with dangerous inmates in a hostile environment.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate a colorable federal cause of action against Defendants for deliberate indifference to medical needs.

As a threshold matter, Plaintiff states that he did not file any grievance in this matter. He states, in fact that he received proper and adequate care and treatment for the alleged incident.

Plaintiff may not pursue his § 1983 claims in federal court until after he has exhausted his available remedies. *See* 42 U.S.C. § 1997e(a). Although failure to exhaust administrative remedies is usually an affirmative defense, when, as here, it is clear from the face of the complaint that Plaintiff has not exhausted his available remedies, the complaint fails to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007).

Plaintiff's claims against all Defendants for failure to protect do not state a claim upon which relief can be granted and are **DISMISSED** from this action **with prejudice**. Defendants **MULCH and POLLARD** shall be dismissed with prejudice.

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of **28 U.S.C. § 1915(g)**.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE.**

**IT IS SO ORDERED.**

**DATED:** January 6, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge